JOSIE P. RENNICK v. THE BOARD OF COMMISSIONERS
OF LYON COUNTY.

COUNTY-LINE ROAD — *Damages* — *Appeal.* In awarding damages for
the location of a county-line road, each board of county commission-
ers of the respective counties between which the road is to be laid
out acts separately, and an appeal from the award made by either
board must be taken within thirty days after the order appealed
from is made, regardless of the time when final action is taken by
the other board.

*Error from Lyon District Court.*

THE opinion states the case.

*E. H. Sanford,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from an award of
damages, made by the board of county commissioners of Lyon
county, for the location of a county-line road over appellant's
land. On the 15th of October, 1886, the board of county
commissioners aforesaid, upon a report of viewers who had
been duly appointed, proceeded to and did establish the road,
so far as that board could. In establishing the road, it was
necessary to appropriate to public use several acres of land
belonging to Josie P. Rennick, for which the board awarded
damages to the amount of $30. The order and the award
were made by the Lyon county board on October 15, 1886,
and the action of the Wabaunsee county board on the part of
the road located in that county was not taken until January
5, 1887. Josie P. Rennick, feeling aggrieved by the award
of damages allowed by the Lyon county board, appealed to
the district court of Lyon county on January 25, 1887, more
than ninety days after the order appealed from was made.
A motion to dismiss the appeal because it was not taken within
thirty days, the time allowed by the statute, was made and
sustained. This ruling is assigned for error.

The motion was properly decided, as the plaintiff in error was too late in taking her appeal. She was not entitled to thirty days after the final action was taken by the board of county commissioners of Wabaunsee county. In establishing county-line roads, each board acts separately. While the concurrent action of both is necessary to the establishment of the road, each is to determine for itself the amount of damages that shall be allowed for the land taken in the county for which it acts; and the order of award is to be entered on its journal. If anyone is aggrieved by the award of damages made by either board, he may appeal from its award to the district court of the county in which the land taken is situate and for which the county board is acting. The appeal is from the award of damages, and not from the order establishing the road, and it must be taken within thirty days from the time the award appealed from is made. (Gen. Stat. of 1889, ¶¶ 5480, 5482, 5483.) The appeal bond was filed and the appeal taken twenty days after the action of the Wabaunsee county board was taken, but the appeal was not from the order or award of that board, nor to the district court of that county. It was taken from the order of the Lyon county board, which was made more than ninety days prior to the time of taking the appeal.

The judgment of the district court will be affirmed.

All the Justices concurring.